UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEAN W. LODMELL,<br><br>    Plaintiff,<br><br>    v.<br><br>JOAN LAFRANCE, and JOYCE VAN LINES, INC.,<br><br>    Defendants. | No. 2:19-cv-05010-SAB<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT** |

    Before the Court is Plaintiff's Motion for Default Judgment, ECF No. 5. Plaintiff is representing himself in this matter. Defendants have not appeared.

    For the reasons discussed below, the Court **DENYS** Plaintiff's motion. Further, it appears the Court lacks subject-matter jurisdiction over this matter. Accordingly, the Court **DISMISSES** this action, without prejudice, pursuant to Federal Rule of Civil Procedure 12(h)(3). In addition, the Court will provide Plaintiff leave to amend his Complaint in order to properly plead federal subject-matter jurisdiction.

### FACTUAL BACKGROUND

    In August 2018, Plaintiff filed an arbitration against Defendants LaFrance and Joyce Van Lines in Seattle, Washington, for an arbitration to be held in Walla Walla, Washington. ECF No. 5 at 1. Plaintiff started the arbitration process that gave rise to this action beginning in February 2010, when he requested mediation

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT ~ 1**

with Defendant LaFrance for breaches of contract related to a variety of prenuptial, indemnification, and property agreements. *Id.* at 2. After the mediation failed and Defendant LaFrance filed for divorce in Connecticut, Plaintiff attempted to enforce the agreements against LaFrance in arbitration in 2011. *Id.* The 2011 Arbitration was enjoined several times by LaFrance as the Superior Court in Connecticut handled the divorce petition. *Id.* As a result of the divorce proceeding in Connecticut, the prenuptial agreements were recognized as valid by the Connecticut Supreme Court and a final divorce decree was entered. *Id.* at 3.

Plaintiff argues that he did not learn until winter 2018 that the agreements he had attempted to enforce in mediation and arbitration in 2010 and 2011 were unenforceable until they were declared valid and that this is why his prior attempts to arbitrate during his divorce proceedings were futile. *Id.* at 2. Plaintiff further argues that his claims in the 2011 arbitration were stayed by the Connecticut divorce action until the prenuptial agreements were declared valid with entry of the final divorce decree. *Id.* at 3. Thus, Plaintiff alleges that the 2018 Arbitration contains claims that were stayed under the 2011 Arbitration by the Superior Court handling his divorce. *Id.* at 4.

Plaintiff filed a *pro se* Complaint in this Court seeking to compel arbitration under the Federal Arbitration Act (FAA) in January 2019. Plaintiff seeks to compel Defendant LaFrance to arbitrate claims related to the agreements discussed above. ECF No. 1 at 2. In addition, Plaintiff seeks to compel arbitration with both Defendants LaFrance and Joyce Van Lines based on a contract between the Defendants to pack, store, and move personal property; Plaintiff argues that this action was in violation of a court order as well as the prenuptial and property agreements. *Id.* at 3-4. Plaintiff argues that Joyce is an agent of LaFrance and is accordingly bound by the arbitration agreement in the prenuptial agreements. *Id.* at 3.

Plaintiff served Defendants on January 22, 2019, pursuant to a clause in the

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT * 2**

arbitration agreement that allowed service of process by mail and email in accordance with the rules of the FAA. ECF No. 5 at 6-7. However, pursuant to the Court's Order to serve process in accordance with the Federal Rules of Civil Procedure, *see* ECF No. 4, Defendants were served on August 5 and 7, 2019, respectively. *See* ECF No. 6 at 4, 14. To date, neither Defendant has responded to Plaintiff's complaint.

## DISCUSSION

### I. Plaintiff's Motion for Default Judgment

If a party from whom affirmative relief is sought fails to appear in a matter and that failure to appear is shown, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). In addition, Local Civil Rule 55 requires that an entry of default be sought prior to entry of default judgment. Thus, a motion for default judgment that is brought prior to an entry of default by the Clerk should be dismissed as premature. Here, Plaintiff filed a Motion for Default Judgment before seeking an entry of default from the Clerk. Accordingly, Plaintiff's Motion for Default Judgment is denied as premature under Local Civil Rule 55.

### II. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and, as such, must have either a constitutional or statutory basis to hear a case. *See* U.S. Const., Art. III, Sec. 2. The two primary grounds for federal subject matter jurisdiction are federal question jurisdiction and diversity jurisdiction. Federal question jurisdiction provides federal courts jurisdiction over claims that arise under the treaties, laws, or Constitution of the United States. 28 U.S.C. § 1331. The presence of a federal question in a case must be clear on the face of the complaint. *Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 152 (1908). Diversity jurisdiction provides federal courts jurisdiction over claims arising between parties of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. If the court determines at any time that it lacks subject matter jurisdiction, the court must

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT * 3**

dismiss the case. Fed. R. Civ. Pro. 12(h)(3).

*Pro se* complaints, "however inartfully pleaded," are held to a lower standard than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Thus, courts generally construe *pro se* complaints liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). In general, a court should not dismiss a *pro se* complaint without leave to amend unless it is clear that any deficiencies cannot be cured by amendment. *Walker v. Beard*, 789 F.3d 1125, 1139 (9th Cir. 2015) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)).

Here, Plaintiff relies on the FAA as the basis for federal jurisdiction. However, the Supreme Court of the United States has explicitly held that actions to compel arbitration under the FAA do not automatically confer federal courts with jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009). Instead, "a federal court should determine its jurisdiction by 'looking through'" a motion to compel arbitration "to the parties' underlying substantive controversy." *Id.* Put otherwise, a federal court has jurisdiction over a motion to compel under the FAA if the court would have jurisdiction over the underlying dispute absent the arbitration agreement. *Id.* at 65-66.

Thus, under *Vaden*, the Court must have jurisdiction over Plaintiff's disputes with Defendants in order to have jurisdiction in this case. Based on the face of Plaintiff's Complaint, his claim does not raise questions of federal law. Construing Plaintiff's Complaint liberally, his claims sound in state contract law and are thus not properly before the Court unless he adequately raises diversity jurisdiction. However, Plaintiff's Complaint does not do so. Plaintiff's disputes with the Defendants involve contracts and "property located in, among other areas, the United States (including but not limited to Washington, Oregon, Utah, Delaware, and Connecticut), Ireland, the Bahamas, and Mexico." ECF No. 1 at 4. Plaintiff alleges that he is a citizen of Washington and the Defendants are citizens of

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT * 4**

Connecticut. *Id.* Nevertheless, Plaintiff does not allege an amount in controversy in excess of $75,000 on the face of his Complaint. Thus, Plaintiff has not properly pled either grounds of federal subject-matter jurisdiction in his Complaint. Accordingly, because the Court lacks subject-matter jurisdiction, the Court dismisses this matter.

Although the Court dismisses this action, the Court is granting Plaintiff leave to amend his Complaint. Within 30 days from the date of this Order, Plaintiff may amend his Complaint so as to properly allege either a federal question or diversity jurisdiction. Should Plaintiff fail to amend his Complaint within the time provided, his Complaint will be dismissed with prejudice.

The Amended Complaint will operate as a complete substitute for (rather than a mere supplement to) the present Complaint. The Amended Complaint must be clearly labeled the "First Amended Complaint' and cause number 2:19-cv-05010-SAB must be written in the caption.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Default Judgment is premature and is accordingly denied. In addition, because the Court cannot determine the basis of federal subject-matter jurisdiction from the face of Plaintiff's Complaint, his Complaint is dismissed, without prejudice. Furthermore, the Court will provide Plaintiff with 30 days to amend his Complaint in order to adequately raise grounds for federal subject-matter jurisdiction.

**Accordingly, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Default Judgment, ECF No. 5, is **DENIED**.
2. Plaintiff's Complaint, ECF No. 1, is **DISMISSED without prejudice**.

//
//
//
//

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT \* 5**

3. Plaintiff's First Amended Complaint should be filed within 30 days of entry of this order. Failure to file a timely Amended Complaint will result in dismissal of this action with prejudice.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 16th day of September 2019.



Stanley A. Bastian
United States District Judge

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT * 6**